RELIANCE INSURANCE COMPANY, Respondent, v. A. GREGORY KENOSIAN, Defendant, and MARY A. REINECKE et al., Infants, by KARL REINECKE, Their Parent and Natural Guardian, et al., Appellants.

Third Department, November 14, 1974.

*Carter, Conboy, Bardwell & Case* (*Eugene E. Napierski* of counsel), for Agricultural Insurance Company, appellant.

*Lee, LeForestier, Frost & Hanft* (*Jerome K. Frost* of counsel), for Mary A. Reinecke and others, appellants.

*Bouck, Holloway & Kiernan* (*Stephen M. Kiernan* of counsel), for respondent.

*Lawrence C. Conners* for defendant.

STALEY, JR., J. This action was brought by the plaintiff, Reliance Insurance Company, for a judgment declaring that it was not obligated to defend its insured, defendant A. Gregory Kenosian, in an action against him arising out of an automobile accident which occurred on February 2, 1970, wherein appellants, Karl Reinecke, Mary Ann Reinecke, Karl Reinecke, Jr., and Kimberly Reinecke were injured. The basis of the action is that defendant, A. Gregory Kenosian, failed to co-operate with the company; failed to assist in giving evidence; and failed to give reasonably obtainable information with respect to the time, place and circumstances of the accident. On October 4, 1971, plaintiff disclaimed any and all coverage under its policy as a result of the occurrence. To avoid a multiplicity of suits, appellant, Agricultural Insurance Company, was joined as a party defendant, since it will be obligated to dispose of the Reinecke personal injury and property damage claims pursuant to the uninsured motorist provision of its policy covering the Reineckes in the event plaintiff's disclaimer is upheld.

After a trial without a jury, the court determined that defendant's conduct, as a matter of law, was a breach of the condition of the policy, and that plaintiff did not obtain grounds for a disclaimer prior to its disclaimer of October 4, 1971. Appellants contend that the plaintiff's disclaimer was untimely, as a matter of law, under subdivision 8 of section 167 of the Insurance Law. This section provides as follows: " If under a liability policy delivered or issued for delivery in this state, an insurer shall disclaim liability or deny coverage for death or bodily injury arising out of a motor vehicle accident occurring within this state, it shall give written notice as soon as it is reasonably possible of such disclaimer of liability or denial of coverage to the insured and the injured person or any other claimant.''

The record reveals that the accident occurred on February 2, 1970; that plaintiff's insured advised the investigating police officers that the vehicle had been stolen; that his girl friend was with him, and advised the police officers that he was with her at the time of the accident; that the keys were in the insured's automobile which was found shortly after the accident a few blocks away from the scene; that the Reineckes could not identify the driver; that an eyewitness could not identify the driver; that, on February 3, 1970, the insured advised plaintiff that his car had been stolen, and he was not operating it at the time of the accident; that, on or about February 6, 1970, the insured's girl friend confirmed to plaintiff that she was with

him at the time of the accident; that plaintiff's investigator, shortly thereafter, learned that the insured's girl friend had given a different statement to the police; that the falsity of the girl friend's original statement was confirmed by her on or about February 11, 1970; that the Reineckes commenced a personal action on February 20, 1970; that, on March 4, 1970, plaintiff retained counsel to protect its interest and advised its insured and his personal counsel that it was reserving its rights under the policy by reason of possible nonco-operation and concealment of certain facts pertaining to the accident; that, on February 19, 1970, plaintiff became aware of the fact that its insured had been charged with leaving the scene of an accident; that the plaintiff's insured was subsequently indicted by an Albany County Grand Jury and charged with leaving the scene of an accident; that plaintiff made no further investigation other than to keep in touch with insured's personal counsel and await the outcome of the criminal proceedings; that, on August 5, 1971, plaintiff's attorneys were advised that its insured was contemplating pleading guilty to the charge of leaving the scene of an accident, and that his girl friend had confirmed that he was not with her at the time of the accident; that, during the first week of August, 1971, the insured pled guilty to leaving the scene of an accident; that, on September 27, 1971, the insured's personal attorney advised plaintiff's attorneys by letter of the plea of guilty; that, at an examination before trial held on September 28, 1971, the insured admitted operating his car at the time of the accident.

The language of subdivision 8 of section 167 of the Insurance Law "requires prompt notice of disclaimer after decision to do so, and by logical and practical extension, there is imported the obligation to reach the decision to disclaim liability or deny coverage promptly too, that is, within a reasonable time * * * Little purpose, as noted earlier, is served in prompt notice of disclaimer, if the decision to disclaim may be postponed indefinitely." (*Allstate Ins. Co.* v. *Gross,* 27 N Y 2d 263, 266, 268.)

Plaintiff was fully aware on February 11, 1970 that its insured probably had given a false statement as to the occurrence of the accident yet, despite this knowledge and the knowledge of a criminal charge pending against its insured as of February 19, 1970 and his subsequent indictment prior to April 19, 1971, plaintiff, after retaining its attorneys on March 4, 1970, made no further investigation other than to occasionally check with its insured's personal attorney as to the status of the criminal

proceedings. The complete disregard by plaintiff of facts sufficient to draw attention and call for diligent inquiry resulted in a delay of over 20 months after the date of the accident before disclaimer and over six months after plaintiff was aware of the indictment, and three months after plaintiff was aware that its insured intended to plead guilty to a possibly reduced charge. In our opinion, plaintiff unreasonably delayed its decision to disclaim and is foreclosed from asserting that right. (*Wright* v. *Wright,* 35 A D 2d 895, mot. for lv. to app. den. 28 N Y 2d 483; *Allstate Ins. Co.* v. *Bianco,* 28 A D 2d 676.)

Appellants, Reinecke, in a counterclaim against plaintiff, asserted a cause of action for wrongful interference with their legal rights concerning their lawsuit. This counterclaim was dismissed. Assuming that such a cause of action exists, the record does not substantiate the allegation that plaintiff's conduct was intended to establish false and perjurious testimony and evidence. Plaintiff's investigation of the facts to enable it to determine whether or not to disclaim is, of course, not actionable. This counterclaim was, therefore, properly dismissed.

The judgment should be reversed, on the law and the facts, with costs, and the judgment directed to be entered declaring that plaintiff, Reliance Insurance Company, is obligated to defend and to pay any judgment which might be recovered against its insured.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered declaring that plaintiff, Reliance Insurance Company, is obligated to defend and to pay any judgment which might be recovered against its insured.