# AMREP CORPORATION, Respondent, v AMERICAN HOME ASSURANCE COMPANY, Appellant.

First Department, June 30, 1981

## APPEARANCES OF COUNSEL

*I. Michael Bayda* of counsel *(Joseph N. Salomon* and *William Lasher* with him on the brief; *Jacobs Persinger & Parker,* attorneys), for respondent.

*Richard G. McGahren* of counsel *(Monte E. Sokol* with him on the brief; *D'Amato & Lynch,* attorneys), for appellant.

## OPINION OF THE COURT

FEIN, J.

Plaintiff sues to recover on a claim made under a "Direc-

tors and Officers Liability and Corporation Reimbursement" policy, effective between May 11, 1973 and May 11, 1976. The amount claimed is for attorney's fees and expenses, for which plaintiff indemnified three of its officers and directors, Blum, Oberman and Friend, in connection with their defense against a Federal indictment for criminal mail fraud and violations of the Federal Interstate Land Sales Full Disclosure Act (US Code, tit 15, § 1701 *et seq.),* which was dismissed as to them at the close of the Federal prosecution's case, for lack of evidence in December, 1976.

Plaintiff and two of its subsidiaries, and four officers of the plaintiff, were convicted on similar charges, affirmed on appeal *(United States v Amrep Corp.,* 560 F2d 539, cert den 434 US 1015).

Defendant's answer asserts two affirmative defenses: (1) that plaintiff corporation was not required or permitted by law to reimburse or indemnify the three officers and directors; and (2) that plaintiff had fraudulently induced the issuance of the policy.

On a prior appeal, we affirmed the denial of plantiff's motion for summary judgment without opinion (65 AD2d 965). After discovery, plaintiff again moved for summary judgment which was granted by the order appealed from, granting summary judgment on the issue of liability and dismissing defendant's affirmative defenses upon the ground that no issues of fact survive for trial.

We disagree. The only difference between the case as it is now here and as it was on the prior motion is that additional facts have been added. However, these additional facts only point up the existence and nature of triable issues. The defense that plaintiff fraudulently induced the issuance of the policy is premised upon plaintiff's negative response to an inquiry as to whether plaintiff's officers had knowledge of acts which might give rise to a claim under the policy. The negative response was made in plaintiff's application for the initial policy covering the May, 1970-1973 period and incorporated by reference on subsequent renewals. The issues on this appeal are whether defendant's issuance and renewal of the policy and collection of pre-

miums with knowledge of the existence of a number of claims and lawsuits against plaintiff constitute a waiver of such defense or an estoppel to plead it as a matter of law.

It is undisputed that defendant received from plaintiff repeated notices of the commencement of civil litigation charging serious wrongdoing and fraud by the corporation and its officers commencing in April, 1975, and also notice of the October, 1975 indictment. Defendant's only response was an April 18, 1975 request for the name of counsel utilized in one of the civil suits. Defendant never sought to disclaim coverage until its answer in this action.

Defendant provided this insurance coverage from May, 1970 through March, 1978 in the form of four separate policies, for which full premiums were paid at the outset of each policy period. During the course of the criminal proceedings, plaintiff promptly notified defendant repeatedly and continuously of the progress of all of the actions. Defendant continued to renew the policy without excepting the pending litigation.

The claim now in suit was first made by letter from plaintiff dated February 9, 1977 demanding $514,248 for legal expenses in defending the three of its officers and directors who were acquitted. By letter dated March 4, 1977, defendant advised that the matter was being reviewed, pointing to the need to examine the transcript of the criminal trial covering 7,000 pages, and the documents in the other litigation. Plaintiff brought this action on May 20, 1977. Defendant contends that there was nothing to disclaim until February, 1977, when plaintiff's claim was first asserted, and that defendant's failure to make any definitive response prior to this action, which was commenced only three months later, did not constitute a waiver as a matter of law.

Defendant asserted that the indictment of the three officers and directors raised issues of fact as to the duty or right to reimburse the officers. The corporation is an Oklahoma corporation. In our view, Special Term properly dismissed that defense under subdivision (c) of section 1.43a of the Oklahoma Business Law which reads as follows: "To the extent that a director, officer, * * * of a corporation has been successful on the merits or otherwise

in defense of any action, suit or proceeding referred to in subsections (a) and (b) * * * he shall be indemnified against expenses (including attorneys' fees) actually and reasonably incurred by him in connection therewith."

It is clear that under that section dismissal of all charges against the three officers at least permits, if it does not require, indemnification (see *Merritt-Chapman & Scott Corp. v Wolfson*, 321 A2d 138, 141 [Del]; *Stewart v Continental Copper & Steel Inds.*, 67 AD2d 293, app dsmd 47 NY2d 951). Both cases interpret the similar Delaware statute, and uphold the right to reimbursement. Accordingly, we affirm so much of Special Term's order as struck the first affirmative defense relying upon the Oklahoma statute.

However, as to the second affirmative defense, fraudulent misrepresentation in the procurement of the policy, there are triable issues of fact as to waiver and estoppel, as we found on the prior appeal. Under this type of policy, notification of the pendency of actions against the insured is merely a condition precedent for the coverage under the policy. Such notification imposed no obligation on the insurer to defend the plaintiff or its officers, and no obligation to reimburse the plaintiff. Plaintiff's responsibility to reimburse its officers and directors would not rise until the favorable termination of actions brought against them. Only then could the insurer be called upon for reimbursement. Plaintiff's own conduct in awaiting disposition of the criminal indictment before asserting a claim under the policy reflects its own awareness that the ultimate determination of the criminal charges was essential in considering the insurance claim and whether the coverage applied. The relevant period in determining the delay in disclaimer began only after plaintiff made a claim. The order of events demonstrates that the limited amount of time involved is insufficient to rule that there was a waiver as a matter of law. Plaintiff made its claim. Defendant requested time to investigate. Plaintiff started the action three months after the claim, and defendant asserted the defense of misrepresentation in its answer five months after the claim. Plainly there is an issue of fact as to whether this delay constituted a waiver of the defense of

misrepresentation or effected an estoppel to plead it (see *Newman v Ketani,* 54 AD2d 926).

Even if the waiver relied upon relates only to the retention of premiums and renewal of the policy by defendant with knowledge of facts upon which the defense of misrepresentation is now based, there is still an issue of fact *(Oglesby v Massachusetts Acc. Co.,* 230 App Div 361, after new trial granted in 226 App Div 758; *Reliance Ins. Co. v Kenosian,* 46 AD2d 38).

In 1975 and 1976 the insurer merely had knowledge of allegations against plaintiff and its officers that they had engaged in a course of fraudulent conduct in the sale of lots in New Mexico. Such allegations without confirmation are clearly not dispositive of the question of plaintiff's misrepresentation in its application for the policy and the renewals. Even now, in the face of the fact that plaintiff and four of its officers have been convicted and the cases against three others have been dismissed, there is a question of fact whether the response to the application at the time made constituted a material misrepresentation.

The facts involved in the litigation against plaintiff and its officers and directors were complex. The possible outcome of such litigation was in doubt. In the face of plaintiff's representations it cannot be ruled as a matter of law that there was a waiver by defendant.

Waiver is an intentional relinquishment of a known right with full knowledge of the facts upon which the existence of the right depends *(S. & E. Motor Hire Corp. v New York Ind. Co.,* 255 NY 69). This is a question of fact. The same principles apply where it is sought to estop the insurer from rescinding a policy because of the fraud of the insured on the ground that the insurer had knowledge of the facts and took no action *(Fernandez v Windsor Life Ins. Co. of Amer.,* 83 Misc 2d 301, affd 52 AD2d 589; *Bird v Penn Cent. Co.,* 334 F Supp 255; *Oglesby v Massachusetts Acc. Co., supra).*

Waiver and estoppel are ordinarily questions of fact for trial. Nothing in this case warrants departure from the general rule.

Misrepresentation as a ground for avoiding a policy depends upon a determination whether the insurer would have written the insurance had the facts been disclosed. This is plainly a question of fact. Plaintiff's assertion that defendant should be estopped because its delay in disclaiming prejudiced plaintiff, as plaintiff might have sought other coverage or the officers might have sought less expensive defense counsel, not only raises factual issues but is questionable on its face. If defendant should have disclaimed or refused to write the policy upon the basis of the information furnished by the plaintiff, there is no reason to believe that any other insurance company would write such insurance. Plainly the amount of money the officers would expend for reasonable attorneys' fees to defend the criminal actions against them was more nearly related to what they regarded as necessary to their defense, not to whether defendant would pay for it. In any event, these are questions of fact requiring a trial.

The order, Supreme Court, New York County (KASSAL, J.), entered October 9, 1980, which granted plaintiff's motion to dismiss defendant's affirmative defenses and for summary judgment on the issue of defendant's liability, should be modified on the law to deny plaintiff's motion for summary judgment as to liability and as to the second affirmative defense, and otherwise affirmed, without costs.

SANDLER, J. P., SULLIVAN and ROSS, JJ., concur with FEIN, J.; BLOOM, J., dissents on the opinion of KASSAL, J., at Special Term.

Order, Supreme Court, New York County, entered on October 9, 1980, modified, on the law, to deny plaintiff's motion for summary judgment as to liability and as to the second affirmative defense, and otherwise affirmed, without costs and without disbursements.