■ STATE OF NEW YORK, Appellant, v BRIAN D. RANKS, Respondent.—Casey, J. Appeal from that part of an amended order of the Supreme Court at Special Term (Hughes, J.), entered November 13, 1984 in Albany County, which granted defendant's motion for summary judgment dismissing the second cause of action in the complaint.

The only issue on this appeal is whether Highway Law § 320 permits the State to recover treble damages for injuries to a highway caused by negligent acts. We agree with Special Term that the statute does not apply to negligent acts.

Highway Law § 320 provides: "Whoever shall injure any highway or bridge maintained at the public expense, by obstructing or diverting any creek, water-course or sluice, or by dragging logs or timber on its surface or by drawing or propelling over the same a load of such weight as to injure or destroy the culverts or bridges along the same, or of such weight that will destroy, break or injure the surface of any improved state highway, county road or town highway, or by any other act, or shall injure, deface or destroy any mile-stone or guide-post erected on any highway, shall for every such offense forfeit treble damages." Despite the express statutory reference to specific acts which can only be classified as intentional, the Attorney-General argues that the phrase "any other act" is unambiguous and must be applied literally to include negligent acts. New York courts, however, do not adhere to such a rigid rule in construing statutory language. "In the interpretation of statutes the '[a]bsence of facial ambiguity is * * * rarely, if ever, conclusive' * * * Literal interpretation of the words used will not be accorded when to

do so will occasion great inconvenience, or produce inequality, injustice or absurdity * * * It is, moreover, always presumed that no unjust or unreasonable result was intended and the statute must be construed consonant with that presumption * * * the court looking to the purpose of the legislation as a whole rather than its literal words" *(Zappone v Home Ins. Co.,* 55 NY2d 131, 137 [citations omitted]).

Literal application of the isolated phrase "any other act", as urged by the State, would impose a penalty of treble damages for any act which somehow causes damage to a highway, including unintentional nonnegligent acts. We cannot believe that such an absurd and unjust result was intended. Rather, the phrase "any other act" must be read in conjunction with the preceding statutory references to specific intentional acts, which compels us to conclude that the Legislature intended to impose treble damages as a penalty only where a highway is damaged by an intentional act.

Assuming that the guardrail damaged by defendant constitutes a guidepost within the meaning of Highway Law § 320, the above analysis leads us to conclude that only intentional acts which injure, deface or destroy a guidepost are subject to treble damages. Summary judgment was properly granted to defendant on the State's second cause of action.

Order affirmed, with costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.