■ TOWN OF HEMPSTEAD, Appellant, v S. ZARA & SONS CONTRACTING Co., INC., Respondent.—In an action to recover damages, *inter alia,* for the negligent installation of a portion of the Nassau County Sewer System, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Molloy, J.), dated May 30, 1989, as denied its motion for leave to amend its complaint and for partial summary judgment on one of its causes of action, and granted those branches of the defendant's cross motion which were to dismiss its fifth, sixth and seventh causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's original verified complaint, the thrust of which was that the defendant's negligent installation of a sewer system caused damage to the plaintiff's water main and roadway, alleged seven causes of action. By order dated September 4, 1985, the Supreme Court, Nassau County (Harwood, J.), found that three of these causes of action were blatantly defective and four were defective in that they failed to specify dates of certain pertinent events. The plaintiff was directed to amend its complaint to include the necessary dates, and to serve it on the defendant within 20 days. The plaintiff complied with the order dated September 4, 1985, and inserted the necessary dates; however, its amended complaint reiterated the three blatantly defective causes of action. Thereafter the defendant answered and discovery commenced.

Some three years later the plaintiff sought leave to serve a further amended complaint to delete its cause of action sounding in trespass and interpose a cause of action sounding in continuing nuisance, to amend its seventh cause of action to assert a claim based on Highway Law § 320 seeking treble damages, and to add a cause of action for a judgment declaring that Highway Law § 320 is applicable to the instant action. The plaintiff also sought partial summary judgment on the declaratory judgment cause of action. The defendant then cross-moved to dismiss the complaint on the ground that the plaintiff had failed to comply with the order dated September 4, 1985.

In the order appealed from, the court denied the plaintiff's

motion in all respects and granted the defendant's motion to the extent of dismissing the plaintiff's fifth, sixth, and seventh causes of action, which were those deemed to be blatantly defective in the prior order. We affirm.

"It is well settled that leave to amend * * * should be freely granted unless the amendment sought is palpably improper or insufficient as a matter of law or unless prejudice and surprise directly results from the delay in seeking the amendment" *(Nissenbaum v Ferazzoli,* 171 AD2d 654, 655; *see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp.,* 59 NY2d 755; *Barnes v County of Nassau,* 108 AD2d 50; *Town Bd. v National Sur. Corp.,* 53 Misc 2d 23, *affd* 29 AD2d 726). While the defendant's claims of prejudice are unwarranted, the causes of action that the plaintiff is seeking to add to its complaint are insufficient as a matter of law.

Nuisance has been defined as "a conscious and deliberate act involving the idea of continuity or recurrence" *(cf., State of New York v Long Is. Light. Co.,* 129 Misc 2d 371, 375, citing *Metropolitan Life Ins. Co. v Moldoff,* 187 Misc 458, *affd* 272 App Div 1039), and a " 'degree of permanence is an essential element' " *(State of New York v Long Is. Light. Co., supra,* at 375, citing *Ford v Grand Union Co.,* 240 App Div 294, 296). Applying these principles to the allegations in the plaintiff's proposed further amended complaint, it is clear that it has attempted to allege a continuing and recurring problem and permanent damage; however, upon a careful examination of the entire proposed further amended complaint, it seems apparent that a cause of action sounding in nuisance cannot lie. The alleged injuries to the water main and roadway were not caused by the defendant's conscious or deliberate act and have been repaired. Any alleged future injury would be nothing more than mere speculation.

Additionally, since the type of conduct covered by Highway Law § 320 must be deliberate and intentional *(see, State of New York v Ranks,* 115 AD2d 194; *Town of Waterford v Brockett Lbr. Co.,* 227 App Div 422), the defendant's alleged negligent acts cannot be the subject of a cause of action grounded in that provision. Thompson, J. P., Brown, Eiber and O'Brien, JJ., concur.