■ MODERN HOLDING COMPANY, Appellant, v RIDGEWOOD SAVINGS BANK, Respondent. [620 NYS2d 477] —In an action to recover the proceeds of a life insurance policy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered August 19, 1993, as, upon reargument, granted the defendant's motion to amend its answer to add additional affirmative defenses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the defendant's motion to amend its answer to add two additional affirmative defenses. Leave to amend a pleading should be freely given except where the amendment is palpably improper, fails as a matter of law, or prejudices the nonmoving party *(see, Town of Hempstead v Zara & Sons Contr. Co.,* 173 AD2d 536, 537).

The defendant did not waive its right to raise affirmative defenses based on the fact that the insured had concealed that he smoked and suffered from hypertension when he applied for coverage. An insurer does not waive defenses of which it was ignorant at the time it drafted its original letter of disclaimer and its initial verified answer *(see, Luria Bros. & Co. v Alliance Assur. Co.,* 780 F2d 1082, 1090; *see also, Guberman v William Penn Life Ins. Co.,* 146 AD2d 8). Nor is the defendant estopped from raising the defenses that emerged unexpectedly during discovery, since it was ignorant of the facts underlying those defenses when it first disclaimed and answered *(see, Guberman v William Penn Life Ins. Co., supra; see also, Bleckner v General Acc. Ins. Co.,* 713 F Supp 642, 651-652), and because the insured's beneficiary, which stands in the shoes of the insured, may not claim prejudice as a result of the defendant's initial failure to discover a fraud perpetrated by the insured on his policy application *(see, S & E Motor Hire Corp. v New York Indem. Co.,* 255 NY 69, 72-75; *Cherkes v Postal Life Ins. Co.,* 285 App Div 514, 516, *affd* 309 NY 964; *Zeldman v Mutual Life Ins. Co.,* 269 App Div 53, 58; *Fernandez v Windsor Life Ins. Co.,* 83 Misc 2d 301, *affd* 52 AD2d 589).

The defendant's allegations that the insured smoked and suffered from high blood pressure are contested. It is also not clear from this record whether the defendant would have sold

the insured the policy at issue had all the facts regarding the insured's habits and health (whatever they may prove to be) been known. We find, therefore, that the issues of whether there was a misrepresentation on the insured's application for insurance, and whether this misrepresentation was material, must await a trial of the action (see, *Mutual Benefit Life Ins. Co. v JMR Elecs. Corp.*, 848 F2d 30; *Process Plants Corp. v Beneficial Natl. Life Ins. Co.*, 53 AD2d 214; *Greene v United Mut. Life Ins. Co.*, 38 Misc 2d 728). Bracken, J. P., Balletta, Friedmann and Krausman, JJ., concur.