■ LONG ISLAND LIGHTING COMPANY, Plaintiff, and KEYSPAN CORPORATION, Appellant-Respondent, v AMERICAN RE-INSURANCE COMPANY et al., Respondents-Appellants, and NORTHERN ASSURANCE COMPANY OF AMERICA, Respondent. [998 NYS2d 169]—

Upon remittitur from the Court of Appeals (23 NY3d 583 [2014]), order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered February 2, 2012, which, insofar as appealed from as limited by the briefs, upon renewal, granted so much of defendants-respondents insurers' motions for summary judgment as sought a declaration that defendants-respondents have no duty to defend or indemnify plaintiffs regarding environmental damage claims against the Bay Shore manufactured gas plant site, on the ground of plaintiffs' failure to provide timely notice under the respective policies, but denied the motions as to other sites, unanimously modified, on the law, to deny the motions and vacate the declaration as to the Bay Shore site, on the ground that triable issues of fact exist as to whether the insurers waived their common-law defense of late notice, and the matter remanded to the motion court for further proceedings consistent herewith, and otherwise affirmed, without costs.

Defendant insurers issued excess comprehensive general liability policies to Long Island Lighting Company (LILCO). The policies require LILCO to provide notice to the insurer when an "occurrence" is "reasonably likely" to give rise to liability under the policy.

On October 28, 1994, defendant insurers were first notified of anticipated liability concerning its Bay Shore, Long Island, plant. Defendants issued reservation of rights letters specifically reserving the defense of late notice, but did not disclaim on any grounds. The letters requested supplemental information from LILCO, including the investigative reports and feasibility studies of its consultants, as well as information regarding the settlement of the claim of a neighboring landowner, which LILCO provided.

On September 12, 1997, LILCO brought this action seeking a coverage declaration against its various insurance carriers for liabilities associated with the investigation and government-mandated cleanup of the manufactured gas plant (MGP) sites including Bay Shore. Defendant insurers disclaimed coverage based on late notice as affirmative defenses in their respective answers.

Defendant insurers thereafter moved for summary judgment for a declaration that they have no duty to defend and indemnify plaintiffs. The motion court granted summary judgment to the extent of declaring that defendant insurers have no obligation to defend and indemnify plaintiffs with respect to the Bay Shore site, but denied the motions as to the remaining six sites.

We modified the order by denying summary judgment as to the Bay Shore site and vacating the declaration, and otherwise affirmed. We held that LILCO had failed, as a matter of law, to provide timely notice under the relevant policies, but denied summary judgment due to the existence of triable issues of fact as to whether defendant insurers had waived their right to assert a late notice defense.

On appeal, the Court of Appeals reversed and remanded the matter to this Court for a determination as to whether defendant insurers waived the defense of late notice under the common law. Even though we neither cited nor purported to rely on section 3420 (d) (2) of the Insurance Law, applicable to disclaimers in cases involving bodily injury, the Court of Appeals nonetheless believed us to have applied an incorrect standard, and remanded for a determination of whether the evidence supported the insured's defense of common-law waiver. We now hold that triable issues of fact exist concerning whether defendant insurers, under the common law, waived the defense of late notice.

Waiver is the voluntary relinquishment of a known right and must be predicated upon knowledge of the facts upon which the existence of the right depends (*see Amrep Corp. v American Home Assur. Co.*, 81 AD2d 325, 329 [1st Dept 1981] [issue of

fact concerning waiver existed, where, with knowledge of pending charges against its insureds, the insurer continued to issue policy renewals and did not disclaim coverage until interposing an answer in the declaratory judgment action]). The failure to assert a known policy defense may constitute a waiver (*see State of New York v AMRO Realty Corp.*, 936 F2d 1420, 1429-1430 [2d Cir 1991] [insurer waived late notice defense in environmental coverage action where it was capable of asserting a disclaimer based on late notice before the complaint was filed]). "Whether an insurer has waived the defense of late notice is ordinarily a question of fact, which is proved by evidence that the insurer intended to abandon that defense" (*Marino v New York Tel. Co.*, 1992 WL 212184, \*7, \*13-14, 1992 US Dist LEXIS 12705, \*25-26, \*47-49 [SD NY 1992] [internal quotation marks and citation omitted] [excess insurer waived defense of late notice under the common law by failing to issue a timely disclaimer]).

The evidence supports an inference that defendants knew of facts supporting a late notice defense long before disclaiming coverage in their answers. During the fall of 1994, LILCO notified defendants of possible occurrences at six MGP sites, including Bay Shore. In 1995, defendants sent general reservation of rights letters that reserved the defense of late notice and requested additional information about the MGP sites.

LILCO's supplemental disclosures informed defendants of numerous regulatory agency inquiries regarding the MGP sites, including various information requests and preliminary site assessments dating back to the 1980s.

After receiving plaintiff's supplemental disclosures, an employee of defendant American Re drafted a memo in January 1996 summarizing LILCO's disclosures and detailing the history of regulatory involvement at the MGP sites. The entry for the Bay Shore site states, "LILCO was notified of contamination by USEPA in 1981, and re-notified in 1989. NY notified LILCO in 1991." The memo expressly notes the possibility of a late notice defense, stating, "There is no explanation in the reports as to why LILCO waited until 1994 to put AmRe on notice of these claims, considering it was notified in 1981." Indeed, upon receiving the same information, London market insurers formally disclaimed coverage in March 1995 based on, inter alia, late notice, stating "in light of the fact that certain groundwater studies were completed in connection with potential environmental contamination resulting from LILCO's operation of the Bay Shore site as early as 1979, it does not appear to us that LILCO's notification of claim was given to the subscribing insurers in a timely fashion." The fact that other insurers were able

to promptly assert disclaimers based on late notice supports a finding of waiver (*see State of New York v Amro Realty Corp.*, 936 F2d at 1430).

A reasonable jury could infer from these actions that defendants intended to abandon their late notice defense. Our ruling is not predicated upon a failure to disclaim coverage "as soon as reasonably possible" after learning of LILCO's untimely notice, but on facts in the record indicating that defendants were aware of a potential late notice defense, yet manifested an intent not to assert one.

Because waiver is a question for a jury to resolve based on the particular circumstances of each individual site, the motion court's ruling regarding the Syosset landfill is not law of the case as to whether defendants knowingly relinquished their right to disclaim on the ground of late notice for the Bay Shore site. Concur—Gonzalez, P.J., Sweeny, Renwick and Manzanet-Daniels, JJ.