Nazario Rojas, Appellant, 
against
Glory Trading Corp., Kok Weng Wong and Hua Tang, Respondents.




Fine, Olin & Anderman, LLP (Lawrence D. Lissauer, Esq.), for appellant.
Cheven, Keely & Hatzis, Esqs. (William B. Stock, Esq.), for respondents.

Appeal from an order of the Civil Court of the City of New York, Kings County (Katherine A. Levine, J.), entered March 28, 2016. The order granted defendants' motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for a new trial.




ORDERED that the order is affirmed, without costs.
At a jury trial of this action to recover damages for injuries plaintiff sustained while he had been riding a bicycle—when defendant Hua Tang opened the door of a motor vehicle owned by defendant Glory Trading Corp. and driven by defendant Kok Weng Wong—the jury found that defendant Kok Weng Wong was negligent and that his negligence was a substantial factor in causing the accident. The jury also found that plaintiff was not negligent. Defendants moved to set aside the jury verdict and for a new trial, arguing that the jury's determination that plaintiff had not been negligent was contrary to Vehicle and Traffic Law § 1236 (b) and the court's charge to the jury. The Civil Court dismissed the jury and, then, after receiving posttrial submissions from the parties, by order entered March 28, 2016, granted defendants' motion. The court stated that the jury had been instructed with respect to New York Pattern Jury Instruction 2:26, which provides, in pertinent part:
"No person shall operate a bicycle unless it is equipped with a bell or other device capable of giving a signal audible for a distance of at least one hundred feet, except that a bicycle shall not be equipped with nor shall any person use upon a bicycle any siren or whistle. . . In considering the evidence in this case, you must determine whether defendant has proven that plaintiff failed to comply with those statutes. If you find that plaintiff violated either or both of the statutes, such a violation constitutes negligence. You cannot disregard a violation of the statute and substitute some standard of care other [*2]than that set forth in the statute."[FN1]


The court concluded that "[n]otwithstanding [the jury] charge and the undisputed testimony that [plaintiff] did not have a bell or other sounding device, the jury returned a verdict finding [plaintiff] not negligent." 

In light of the undisputed testimony that plaintiff did not have a bell or audible device, and the fact that such failure constituted a violation of Vehicle and Traffic Law § 1236 (b), the court properly determined that the verdict finding that plaintiff was not negligent could not stand since the absence of a bell or audible device constituted negligence as a matter of law (see CPLR 4404 [a]). The jury was required, but failed, to decide whether such negligence was a proximate cause of the accident, and thus, under the circumstances, its verdict in favor of plaintiff, finding defendants 100% liable, was against the weight of the evidence (see id.).

On appeal, plaintiff further argues, as he did in the Civil Court, that defendants' defense that plaintiff was negligent was waived because defendants did not raise it as an affirmative defense. However, the Civil Court specifically rejected this argument, correctly noting that defendants could only waive known defenses and "[d]efendant[s] did not know about this defense until plaintiff admitted at trial that his bicycle was not equipped with a bell or other sounding device [and t]herefore defendant[s] could not have interposed a negligence per se defense in its answer" (see e.g. Long Is. Light Co. v American Re-Ins. Co., 123 AD3d 402 [2014]; Modern Holding Co. v Ridgewood Sav. Bank, 210 AD2d 465 [1994]).

In view of the foregoing, and as plaintiff's remaining contentions are either speculative or lack merit, the order is affirmed.

PESCE, P.J., WESTON and ELLIOT, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 19, 2018



Footnotes

Footnote 1: The charge is derived in part from Vehicle and Traffic Law § 1236 (b) which states, "No person shall operate a bicycle unless it is equipped with a bell or other device capable of giving a signal audible for a distance of at least one hundred feet, except that a bicycle shall not be equipped with nor shall any person use upon a bicycle any siren or whistle."