■ In the Matter of JACOVES LIQUORS, INC., Petitioner, v. STATE LIQUOR AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to annul a determination of respondent which (1) found that petitioner' had advertised liquor prices in violation of statute and (2) imposed a $500 bond claim and suspended petitioner's retail package store liquor license for 10 days, the suspension to be temporarily deferred upon payment of the bond claim. Determination annulled, on the law, without costs. No questions of fact have been considered. In our opinion, petitioner did not publicize "the price" (Alcoholic Beverage Control Law, § 105, subd. 19) of liquor by newspaper advertisements such as "22% OFF Save over 1.20 QUART", "save more than 22%", and "SAVE OVER $4 on 3 Pack". Potential customers could not know what the price was, what the cost was or the amount of money they would have to spend until they patronized the store. Accordingly, under the circumstances herein, the advertisements did not violate the law or the spirit of the statute (see *Matter of Great Eastern Liq. Corp.* v. *State Liq. Auth.*, 30 A D 2d 307). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ In the Matter of LEON L. LUNDEN et al., Constituting the Board of Education of Union Free School District No. 21, Town of Oyster Bay, Respondents, v. MICHAEL N. PETITO et al., Constituting the Town Board of the Town of Oyster Bay, et al., Appellants. In the Matter of RAYMOND J. AMENDOLA et al., Appellants-Respondents, v. MICHAEL N. PETITO et al., Constituting the Town Board of the Town of Oyster Bay, Respondents-Appellants. — Two judgments of the Supreme Court, Nassau County, each in one of the two above entitled proceedings, and dated August 7, 1967, reversed, on the law, without costs, and petitions dismissed, solely upon the ground that the issues have become moot (cf. *Matter of Jordan Cemetery Assn.* v. *Cemetery Bd. of State of N. Y.*, 19 A D 2d 540). No questions of fact have been considered. These proceedings were instituted to review two determinations by the Town Board of the Town of Oyster Bay, the first (in the first entitled proceeding) granting an application by Raymond J. Amendola and Jennie Amendola for a special exception required by the Town's Building Zone Ordinance, then in effect, to permit the erection of a multiple dwelling, and the second (in the second entitled proceeding) rescinding the first and denying the application. The Special Term annulled both determinations and remitted the matter to the Town Board for rehearing and reconsideration. Subsequent to said judgments and the taking of these appeals, the ordinance was amended so as to prohibit completely the erection of multiple dwellings in the use district in which the property was located. An appellate court must decide a case on the basis of the law as it exists at the time of its decision; the Amendolas had no vested right to the erection of a multiple dwelling at the time of the amendment of the zoning ordinance; and the ordinance as it now exists is controlling and prohibits the use which they seek to have approved (cf. *Matter of Haussman* v. *Oatley*, 285 App. Div. 832; *Matter of Town Bd. of Town of Huntington* v. *Plonski*, 13 A D 2d 704, affd. 10 N Y 2d 1035; *Matter of Atlantic Beach Towers Constr. Co.* v. *Michaelis*, 21 A D 2d 875; *Matter of Paliotto* v. *Dickerson*, 22 A D 2d 929). Accordingly, we do not reach the issues respecting the propriety of the Town Board's actions either in granting or denying the application for the special exception. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.