In the Matter of CHARLES S. STATO et al., Appellants, v MARTIN SQUICCIARINI et al., Respondents.—Appeal from so much of an order of the Supreme Court, Orange County, dated July 23, 1976, as (1) on the court's own motion, dismissed the declaratory judgment cause of action (the first cause of action) as moot and (2) granted so much of respondents' motion and cross motion as sought dismissal of the injunctive cause of action (the third cause of action). Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements to respondents appearing separately and filing separate briefs. The dispute involved here began when respondents Martin and Frank Squicciarini sought a special use permit from the Planning Board of the Town of Chester so that they might operate a gravel bank on

property owned by them. The planning board purported to deny the application. We held that the board's vote was "ineffectual to deny the application" on the ground that an insufficient number of board members had voted against it, pursuant to the terms of the Zoning Law of the Town of Chester. We ordered the planning board to issue the requested permit pursuant to a provision of the zoning law which stated that the board's failure to act on an application for a special use permit within a specified period of time would be construed as an authorization of the requested use *(Matter of Squicciarini v Planning Bd. of Town of Chester,* 48 AD2d 687). The Court of Appeals unanimously affirmed this court's order (38 NY2d 958). The planning board subsequently issued the permit as directed. Appellants, all landowners adjacent to or in the vicinity of the gravel bank, then commenced the instant action seeking various types of relief. The major argument raised by appellants was that the provision of the Chester Zoning Law which gave the Chester Planning Board authority to issue special use permits was in violation of the Town Law and, therefore, was unconstitutional. They sought a declaration to that effect. They also sought to enjoin the operation of the gravel bank on the ground that the Squicciarinis had never obtained a valid special use permit, since the planning board was without authority to issue one. The court at Special Term dismissed both of those causes of action. We affirm, although we differ with the Special Term's reasoning in some particulars. On June 3, 1976, shortly after service of the appellants' complaint, the Legislature enacted section 274-a of the Town Law, which became effective 30 days subsequent to that date. Briefly stated, this new statute empowered town boards to delegate to their planning boards the authority to issue special use permits. This section thus sanctioned the delegation which the Town of Chester, by its zoning law, had already made. The principle is well-established that, absent special circumstances, an appellate court must decide a case on the basis of the law as it exists at the time of its decision *(Strauss v University of State of N. Y.,* 2 NY2d 464). In this case, consequently, appellants' contention that the Chester Town Board's delegation of authority to the planning board was unconstitutional is rendered moot, as the Legislature explicitly sanctioned such a delegation during the pendency of this matter. The Special Term properly dismissed appellants' declaratory judgment cause of action on that basis. To the extent that appellants' injunctive cause of action is based upon this same argument, it too should be dismissed as moot. To the extent that the injunction is sought based upon other allegations, we need only state that appellants have failed to cite any evidence in the record which indicates the merit of such allegations. Damiani, J. P., Shapiro, Mollen and O'Connor, JJ., concur.