OPINION OF THE COURT
Dan Lamont, J.
The respondent father in this support proceeding contends that the Family Court — in accordance with the terms of the written separation agreement of the parties — should not require him to support his 18-year-old daughter, Danette (born June 12, 1966), who is now a high school senior.
BACKGROUND
The parties’ separation agreement dated March 2, 1973, provided for child support payments by respondent in the total amount of $45 per week for three children: Danette, born June 12,1966; Rene, born March 13,1968; and Daniel II, born March 28,1971. Support for the daughters was to terminate at age 18, and support for the son was to continue until age 21.
Th; judgment of divorce entered in the Schoharie County Clerk’s office on May 14, 1973, provides, in part, as follows: “ordered, adjudged and decreed the separation agreement previously signed by the parties dated March 2, 1973, be incorporated into the final judgment of divorce and be approved by the court.”
*675 On April 21, 1978, the parties signed a modification agreement which provided that respondent would pay $20 per week support for Danette until age 18; $22.50 per week support for Rene until age 18; and, $25 per week for Daniel II until age 21.
On August 11, 1980, the Family Court made an order on consent, directing respondent to pay child support of $67.50 per week in accordance with the written agreement. In September 1981, by mutual agreement of the parties, Daniel II went to live with his father. The weekly support payments were reduced by oral agreement to $42.50 for the daughters.
On May 14, 1984, the Family Court order was modified to provide for weekly support payments by respondent in the amount of $42.50 for the two daughters, and to delete support for Daniel II. The consent order included a provision for payment through the Support Collection Unit, and further provided that: “ordered, except as modified, [that] all terms and provisions of the agreement dated April 21, 1978, and the Family Court Order, dated August. 11, 1980, shall remain in full force and effect.”
When Danette became 18 years of age on June 12, 1984, the respondent reduced his weekly payments to $22.50, representing child support for Rene only. The respondent was told by the Support Collection Unit that he should petition for modification, which he did on June 25.
After conducting a hearing on August 14, 1984, the Family Court denied respondent’s petition for modification, found respondent legally chargeable with the support of his 18-year-old daughter still in high school, directed respondent to pay $22.50 per week support for both daughters (based upon his limited income), and directed the respondent to make diligent efforts to find full-time employment.
ISSUE
Upon the respondent’s petition for downward modification of child support in accordance with the parties’ written separation agreement, does the Family Court lack jurisdiction to order him to support his 18-year-old daughter — absent a showing of an unforeseen and unreasonable change of circumstances and a concomitant increased need?
THE LAW
The reliance of both counsel on Family Court Act § 466 (which pertains to alimony and maintenance) is misplaced. The applicable statute is Family Court Act § 461, which provides, in part, as follows:
*676 “(a) A separation agreement, a decree of separation, and a final decree or judgment terminating a marriage does not eliminate or diminish either parent’s duty to support a child of the marriage under section four hundred thirteen of this article * * *
“(b) If an order of the supreme court or of another court of competent jurisdiction requires support of the child, the family court may * * *
“(ii) entertain an application to modify such order on the ground that changed circumstances requires such modification, “unless the order of the supreme court provides that the Supreme Court retains exclusive jurisdiction to enforce or modify the order.”
The agreement of the parties herein clearly contravenes the public policy of this State that “parents of a child under the age of twenty-one years are chargeable with the support of such child” (Family Ct Act § 413). The parties herein had agreed from March 2, 1973, continuously until June 12, 1984, that respondent had no duty or responsibility to support his daughters once they became 18 years of age. Clearly, the written agreements made in 1973 and 1978 cannot reasonably be interpreted as an allocation of support responsibility between these parties in 1984 — 11 or 6 years in the future.
This court recognizes the Boden rule that child support provisions in a separation agreement allocating financial responsibility for child support as between the parties should not be modified — where the agreement was fair and equitable when entered into — absent a showing of an unforeseen and unreasonable change of circumstances and a concomitant showing of need. (Matter of Boden v Boden, 42 NY2d 210.) The Boden rule was tempered in the more recent case of Matter of Brescia v Fitts (56 NY2d 132) which provides that Boden remains relevant for the allocation of the child support burden as between the parties to a separation agreement, but it no longer may be extended to bar a child’s claim for adequate support. The Court of Appeals in Matter of Brescia v Fitts (supra, pp 139-140) held that: “A different situation is presented, however, where it is the child’s right to receive adequate support that is being asserted. Here, Family Court’s power regarding child support derives from the Family Court Act. Section 461 of that act * * * provides that the parents’ duty to support their child is not diminished by the existence of, inter alla, a separation agreement or judgment of divorce” (emphasis supplied).
In order to provide a child with adequate support, prior child support orders may now be modified upwards or downwards *677 upon a showing of a substantial change in circumstances — which is the same rule which applied before Boden. (2 Foster and Freed, Law and the Family § 28:28, at 505 [1984 Cum Supp], citing Brescia v Fitts, supra.)
In this case, the petitioner mother has not petitioned this court for modification of the prior order or agreement. In her verbal answer, however, petitioner did assert her child’s continuing right to receive fair and adequate support from her father, for at least so long as the child remains a high school student.
In this case, the written agreement of the parties made on March 2, 1972 and modified on April 21, 1978, was not faif and equitable when made, to the extent that respondent was relieved of any duty whatsoever to support his daughters after age 18. Such agreement also unconstitutionally discriminates against respondent’s daughters by terminating their support at age 18, whereas support for the son continued until age 21. This court does not view such agreement as an agreement to allocate the support burden as between these parties, but rather as an agreement by them that respondent need no longer support either of his daughters once they become 18 years of age. For these parties of modest means, such agreement did not realistically constitute an allocation of the support burden.
While such agreement might well be enforceable should the daughters become employed or otherwise partially self-supporting, this court determines that Danette’s failing a grade and remaining in high school until age 19 constitutes a substantial change in circumstances which in turn continues respondent’s statutory duty to support her — notwithstanding the terms of the separation agreement. Simply stated, the petitioner could not “bargain away” her daughter’s statutory right to receive reasonable support from her father. Once the case is pending in Family Court, the Family Court has jurisdiction to order child support for a child under 21 years of age (Family Ct Act §§ 413, 461) — notwithstanding the terms of the parties’ separation agreement.
CONCLUSION
Upon reconsideration, the respondent’s petition for modification is again denied. The order made on August 14, 1984, shall remain in full force and effect.