■ In the Matter of PATRINA COGER, Respondent, v GEORGE CUSUMANO, Appellant. [594 NYS2d 332] —In a support proceeding pursuant to Family Court Act article 4, George Cusumano appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Lauria, J.), dated October 29, 1990, as confirmed an order of the same court (Gartner, H.E.), dated September 26, 1990, which, after a hearing, granted the petitioner's application for child support arrears in the sum of $18,600.

Ordered that the order dated October 29, 1990, is affirmed insofar as appealed from, with costs.

The parties were married on June 4, 1967. Two children were born of the marriage, one in 1968 and the other in 1969. In 1972 the petitioner commenced a proceeding for support on the ground that the appellant had abandoned her. On default, the petitioner was awarded the sum of $135 per week for her and the two children. In 1974 the petitioner obtained, on default, a judgment of divorce against the appellant. The appellant paid no support throughout this period, or indeed, at any time thereafter.

In 1977 the petitioner obtained, again on default, a judgment of arrears against the appellant for $23,600. Unable to locate the appellant in order to collect on the judgment, the petitioner ultimately executed upon the appellant's share in the former marital home. In 1979 the petitioner obtained a Sheriff's deed giving her full right and title to the former marital home.

In 1980 the petitioner entered into a contract to sell the house to an unrelated third party. At the closing, for reasons which remain unclear, the title company demanded that approximately 10% of the sale price be placed into escrow pending the receipt of a "confirmation deed" from the appellant to the petitioner. To that end the petitioner's attorney wrote to the appellant, in care of his sister, to request that the appellant execute such a deed. In return, the attorney stated that he would forward to the appellant "a release signed by [petitioner] wherein she shall release [appellant] from all and any past, present and future child support". Although such a deed was received, the petitioner never executed the promised release.

As he contended in the Family Court, the appellant argues that the letter from the petitioner's attorney constituted a waiver of child support, and thus he is not liable for any arrears. We disagree.

The petitioner never executed any child support release in favor of the appellant, and, indeed, maintains to this day that her attorney's promise was wholly unauthorized. "Waiver is an intentional relinquishment of a known right and should not be lightly presumed" (Gilbert Frank Corp. v Federal Ins. Co., 70 NY2d 966, 968, citing S & E Motor Hire Corp. v New York Indem. Co., 255 NY 69, 72; 5 Williston, Contracts §§ 696, 697, at 338-340 [3d ed 1961]). In the case at bar, there was no express waiver.

Moreover, it appears that at the time the appellant executed the so-called confirmation deed, he had already been legally divested of any title in the former marital home. Therefore, the appellant gave away nothing by signing this deed and the petitioner gained nothing by receiving it since she already had complete title to the house. Under these circumstances, there is no merit to the appellant's argument that the petitioner ratified the promised waiver by accepting the benefit of the bargain as there was no benefit from this bargain (cf., Maloy v Montgomery, 246 App Div 482).

We also note that despite any such alleged "waiver", the appellant was statutorily obligated to support his children (see, Domestic Relations Law § 32 [3]; Family Ct Act § 413). Such obligation cannot be waived or bargained away (Matter of Nancy L. P. v Daniel M. Z., 127 Misc 2d 674; see also, Matter of Brescia v Fitts, 56 NY2d 132).

Additionally, the appellant's defenses of laches and estoppel were properly rejected by the Family Court. On the record

before us, the appellant has failed to demonstrate, *inter alia,* that he was in any way prejudiced by the petitioner's actions or lack of action *(see, Maule v Kaufman,* 33 NY2d 58; *Dwyer v Mazzola,* 171 AD2d 726). Moreover, up until the present time, the appellant has demonstrated a deliberate pattern of avoidance with respect to his obligation to his children. In view of this fact, as well as all the facts and circumstances of this case, the appellant's "unclean hands" prevent him from invoking any equitable defense such as those which he has alleged *(see,* 28 Am Jur 2d, Estoppel and Waiver).

We have considered the appellant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.