◼ In the Matter of JOHN UCIECHOWSKI, Appellant, v STEVE EHRLICH et al., Constituting the Zoning Board of Appeals of the Town of Fallsburgh, et al., Respondents. [634 NYS2d 251] —Spain, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered September 22, 1994 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Zoning Board of Appeals of the Town of Fallsburg finding that respondent SYDA Foundation's property was not in violation of the Town of Fallsburg Zoning Ordinance.

Petitioner is the owner of real property located in the Town of Fallsburg, Sullivan County, which is directly adjacent to property owned by respondent SYDA Foundation, a not-for-profit religious corporation. SYDA has constructed earthen berms along the perimeter of its property. Sometime prior to February 1992 SYDA apparently began adding to the height of these berms to the extent that they are now 14 feet high. By letter dated February 10, 1992 the Town Code Enforcement Officer (hereinafter CEO) informed SYDA that its berms exceeded the eight-foot height permitted for fences under the Town's Zoning Ordinance and threatened enforcement action if the violation was not corrected. SYDA appealed the CEO's deter-

mination to the Town Zoning Board of Appeals (hereinafter ZBA) which, on March 19, 1992, upheld the CEO's interpretation.

SYDA then applied for an area variance from the height limitation and on May 21, 1992, after a public hearing, the ZBA granted a variance to SYDA allowing the construction of the berms to a height of 14 feet. In July 1992 petitioner commenced a CPLR article 78 proceeding challenging the ZBA's grant of the variance; in September 1992 SYDA commenced a CPLR article 78 proceeding challenging the ZBA's March 1992 determination that its berms were fences within the meaning of the Town Zoning Ordinance. In November 1992 Supreme Court granted petitioner's application and annulled the May 1992 variance granted to SYDA because of administrative deficiencies, including the ZBA's failure to issue findings of fact. In November 1993 Supreme Court granted SYDA's application and annulled the ZBA's March 1992 determination upon the same grounds.* On August 19, 1993, after a second public hearing and several meetings which were adjourned for various reasons, the ZBA overturned the CEO's February 1992 determination, concluding that the berms in question were not fences and therefore not subject to the height restrictions in the Zoning Ordinance. Petitioner thereafter commenced this CPLR article 78 proceeding challenging the August 1993 determination of the ZBA. Supreme Court, concluding that the ZBA's decision was rational, dismissed the petition. Petitioner appeals.

Initially, respondents argue that the appeal should be deemed moot because of petitioner's failure to seek injunctive relief prior to completion of the berms. Respondents are correct in asserting that petitioner's delay in either seeking injunctive relief or commencing litigation may result in denial of the application because of laches (*see, Ughetta v Barile*, 210 AD2d 562, *lv denied* 85 NY2d 805; *Matter of Friends of Pine Bush v Planning Bd.*, 86 AD2d 246, *affd* 59 NY2d 849). A review of the record reveals that completion of the berms occurred in apparent violation of the CEO's February 1992 direc-

---

* We reject petitioner's contention that it was improper for Supreme Court to permit SYDA to commence its CPLR article 78 proceeding six months after the ZBA's March 1992 determination. Petitioner was not a party to that proceeding in which he failed to intervene and from which no appeal was ever taken. Such an attempt by petitioner in the course of the instant proceeding constitutes an improper collateral attack on a court of co-ordinate jurisdiction (*see, Bell v Town Bd.*, 146 AD2d 729, 730).

tive. Inasmuch as mootness in this context is premised on the equitable doctrine of laches (*see, e.g., Matter of Caprari v Town of Colesville*, 199 AD2d 705, 706; *Matter of Stockdale v Hughes*, 189 AD2d 1065, 1067) and in view of the fact that petitioner, who promptly commenced litigation, had a right to rely on the CEO's notice of violation, SYDA, which appears to have come into court with unclean hands, should not be permitted to assert such an equitable defense against petitioner (*see, e.g., Matter of Coger v Cusumano*, 191 AD2d 493, 495; *Kraker v Roll*, 100 AD2d 424, 431). Moreover, we are not satisfied that SYDA has sufficiently established that it would suffer severe hardship if ordered to reduce the height of the berms.

However, we conclude that Supreme Court was correct in dismissing the petition on the merits. Initially, we note that this case comes before us in the context of a zoning matter and it is not for this Court to substitute its judgment for that of a zoning board (*see, Matter of Brown v Turner*, 188 AD2d 994). As we have recently reiterated, "[t]he interpretation of a zoning ordinance by a zoning board is entitled to great deference and will not be disturbed unless it is irrational or unreasonable" (*Matter of Burke v Denison*, 218 AD2d 894, 895-896; *see, Matter of Moody Hill Farms v Zoning Bd. of Appeals*, 199 AD2d 954, 955-956, *lv denied* 83 NY2d 755). A review of the record indicates that the ZBA's determination that berms are not fences within the meaning of the Zoning Ordinance was supported by the evidence before it and was both reasonable and rational. Prior to voting at its August 19, 1993 meeting, the ZBA had the benefit of holding a second public hearing, at which an expert testified on behalf of SYDA. The transcript from that meeting reveals that the majority, after extensive research, based its decision upon a number of different resources, including, *inter alia*, the public hearings, the opinions of experts and information about fences, barriers and landscaping gathered from technical manuals, Federal highway manuals and Department of Transportation manuals. Further, it is established law that zoning ordinances, which are in derogation of the common law, are subject to the strict construction doctrine, and therefore must be construed against the enacting municipality whenever their meaning is unclear (*see, e.g., FGL & L Prop. Corp. v City of Rye*, 66 NY2d 111, 115; *Thomson Indus. v Incorporated Vil. of Port Washington N.*, 27 NY2d 537, 539; *Matter of Freihofer v Lake George Zoning Bd. of Appeals*, 137 AD2d 894, 895). In the instant case the beneficiary of the strict construction doctrine is the applicant, SYDA, not petitioner.

We have considered each of petitioner's remaining conten-

tions, including charges of conflicts of interest on the part of ZBA members and allegations of collusion between Supreme Court and the Town's attorney, and find them to be without merit.

Cardona, P. J., Mercure and White, JJ., concur. Ordered that the judgment is affirmed, without costs.