■ In the Matter of BRIAN SANTORA et al., Appellants, v TOWN OF POUGHKEEPSIE ZONING BOARD OF APPEALS et al., Respondents. [865 NYS2d 361]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review two determinations of the Town of Poughkeepsie Zoning Board of Appeals, both dated June 14, 2006, which, after a hearing, granted the application of Oakwood Partners, LLC, for area variances, and action for a judgment declaring, inter alia, that the re-zoning as adopted in Local Law No. 17 of 2005 of the Town of Poughkeepsie by resolution of the Town Board of the Town of Poughkeepsie, dated December 14, 2005, constituted illegal spot zoning, the petitioners/plaintiffs appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Dutchess County (Pagones, J.), dated November 30, 2006, as granted those branches of the respondents/defendants' motion which were to dismiss the fifth cause of action as time-barred by the four-month statute of limitations applicable to CPLR article 78 proceedings, and the sixth and seventh causes of action for failure to state a cause of action.

Ordered that the order and judgment is affirmed insofar as appealed from, on the law, with one bill of costs to the respondents appearing separately and filing separate briefs.

Initially, we note that this hybrid proceeding and action is not academic despite the apparent substantial completion of the subject project, and the proceeding and action is not barred by the doctrine of laches (*see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn.,* 2 NY3d 727, 729 [2004]; *Cohen v Krantz,* 227 AD2d 581 [1996]). The petitioners/plaintiffs did not delay in instituting the proceeding and action, and sought to maintain the status quo by first bringing an action pursuant to Town Law § 282, which triggered an automatic stay of all proceedings, and by later moving for a preliminary injunction before this Court (*see generally Matter of Silvera v Town of Amenia Zoning Bd. of Appeals,* 33 AD3d 706 [2006]; *Matter of Michalak v Zoning Bd. of Appeals of Town of Pomfret,* 286 AD2d 906 [2001]; *Vitiello v City of Yonkers,* 255 AD2d 506 [1998]; *Matter of Uciechowski v Ehrlich,* 221 AD2d 866, 867-868 [1995]; *cf. Matter of Dowd v Planning Bd. of Vil. of Millbrook,* 54 AD3d 339 [2008]; *Matter of Mehta v Town of Montour Zoning Bd. of Appeals,* 4 AD3d 657, 657-658 [2004]; *Matter of Group for S. Fork v Planning Bd. of Town of Southampton,* 306 AD2d 281 [2003]).

The fifth cause of action, however, is academic in light of the townwide zoning revision adopted by the Town of Poughkeepsie

on September 26, 2007, effective October 1, 2007. This cause of action alleged that the rezoning of a 10-acre parcel of land in the Town of Poughkeepsie, by the adoption of a 2005 zoning amendment, constituted illegal spot zoning. Since the commencement of this proceeding and action, the town has enacted legislation rezoning the property at issue, and therefore the challenge to the zoning designation created by the zoning amendment is academic (*see Matter of Stato v Squicciarini,* 59 AD2d 718 [1977]; *Matter of Lunden v Petito,* 30 AD2d 820 [1968]).

In the sixth cause of action, the petitioners-plaintiffs argued in their amended petition and complaint that the Zoning Board of Appeals (hereinafter the ZBA) exceeded its jurisdiction by granting variances for the subject project. Although a zoning board is without authority to grant a variance that "violates the general purpose of the [zoning] ordinance" or "introduce[s] such an incongruity into the ordinance that the zoning pattern would be seriously disarranged" (*Van Deusen v Jackson,* 35 AD2d 58, 60-61 [1970], *affd* 28 NY2d 608 [1971]), the Supreme Court correctly concluded that the variances granted by the ZBA here do not implicate such concerns.

In the seventh cause of action, the petitioners-plaintiffs argued that the ZBA failed to adequately address the factors set forth in Town Law § 267-b and its determination to grant variances was therefore arbitrary and capricious, and an abuse of discretion. When reviewing a determination of a zoning board of appeals, a court has the authority to review the record (*see Matter of Uciechowski v Ehrlich,* 221 AD2d 866 [1995]), and is limited to determining whether the board's action is illegal, arbitrary and capricious, or an abuse of discretion (*see Matter of Ifrah v Utschig,* 98 NY2d 304, 308 [2002]; *Matter of Fuhst v Foley,* 45 NY2d 441, 444 [1978]; *Matter of Kaufman v Mansi,* 1 AD3d 514, 515 [2003]; *Matter of Tarantino v Zoning Bd. of Appeals of Town of Brookhaven,* 228 AD2d 511, 512 [1996]; *Matter of Smith v Board of Appeals of Town of Islip,* 202 AD2d 674, 675 [1994]).

Here, the allegations of the petitioners-plaintiffs that the ZBA did not take into account all the necessary factors of Town Law § 267-b are conclusory and unsupported by the record. Accordingly, the Supreme Court properly dismissed the seventh cause of action.

The parties' remaining contentions are without merit. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.