Quinn v 20 E. Clinton, LLC (2021 NY Slip Op 02328)





Quinn v 20 E. Clinton, LLC


2021 NY Slip Op 02328


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
BETSY BARROS, JJ.


2019-02632
 (Index No. 58779/18)

[*1]Lois Quinn, appellant, 
v
20 East Clinton, LLC, et al., respondents.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Diana Bunin Kolev of counsel), for appellant.
Morrison Law Firm, P.C., White Plains, NY (Daniel W. Morrison and Anna M. Piazza of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated January 16, 2019. The order denied, as academic, the plaintiff's motion for a preliminary injunction or, in the alternative, to convert the motion to a special proceeding pursuant to RPAPL 881.
ORDERED that the order is affirmed, with costs.
In June 2017, the defendant 20 East Clinton, LLC (hereinafter 20 East), purchased a parcel of land improved by a 170-year-old residence (hereinafter the subject premises), which is adjacent to the plaintiff's property. In February 2018, 20 East commenced extensive exterior and interior renovations of the subject premises. According to the verified complaint and affidavits submitted in support of the plaintiff's motion, 20 East, its general contractor, the defendant Hudson Contractors, Inc., and other contractors entered her property on numerous occasions to renovate the eastern facade of the subject premises, which was on the boundary line separating the plaintiff's and 20 East's respective properties. In addition, the renovation generated a large quantity of debris and paint chips alleged to contain lead and asbestos, which were deposited onto the plaintiff's property. These encroachments allegedly were without permission or license from the plaintiff. The plaintiff allegedly tried to resolve her grievances over the renovation through frequent discourse and confrontation with 20 East and its contractors, as well as by making numerous complaints to local law and code enforcement authorities.
When these efforts failed to yield results satisfactory to the plaintiff, she commenced this action. The plaintiff simultaneously moved to preliminarily enjoin 20 East and its contractors from performing any further construction work on the subject premises or, in the alternative, to convert the motion to a proceeding pursuant to RPAPL 881. In opposition, 20 East asserted, inter alia, that the motion was academic since it had completed the renovation. In an order dated January 16, 2019, the Supreme Court denied the plaintiff's motion as academic. The plaintiff appeals, and we affirm.
"'Typically, the doctrine of mootness is invoked where a change in circumstances prevents a court from rendering a decision that would effectively determine an actual controversy'" (PSEG Long Is., LLC v Town of E. Hampton, 154 AD3d 703, 705, quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d 165, 172; see Matter of Hearst Corp. v [*2]Clyne, 50 NY2d 707, 714). "Where the change in circumstances involves a construction project, [a court] must consider how far the work has progressed towards completion. Because a 'race to completion cannot be determinative,' however, other factors bear on mootness in this context as well. 'Chief among them has been a challenger's failure to seek preliminary injunctive relief or otherwise preserve the status quo to prevent construction from commencing or continuing during the pendency of the litigation'" (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d 727, 729, quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 172, 173). "Also significant are whether work was undertaken without authority or in bad faith, and whether substantially completed work is 'readily undone, without undue hardship.' Further, [a court] may elect to retain jurisdiction despite mootness if recurring novel or substantial issues are sufficiently evanescent to evade review otherwise" (Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729, quoting Matter of Dreikausen v Zoning Bd. of Appeals of City of Long Beach, 98 NY2d at 173).
Here, that branch of the plaintiff's motion which was to preliminarily enjoin 20 East from any further construction work was rendered academic by completion of the project (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729). Enjoining further construction work where no further construction work is needed, or planned, would have no practical effect on the parties (see Berger v Prospect Park Residence, LLC, 166 AD3d 937, 938). In reaching this determination, we note that the plaintiff, despite alleging that the defendants were, inter alia, trespassing and injuring her property, took no legal action to enforce her rights, enjoin the work, or preserve the status quo until after the work was nearly complete (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729; Matter of Papert v Zoning Bd. of Appeals of the Inc. Vil. of Quogue, 98 AD3d 581, 582). Contrary to the plaintiff's contention, there is no evidence that 20 East engaged in an unseemly race to completion intended to moot the plaintiff's request for injunctive relief, particularly since the preliminary injunction motion was made after the plaintiff was made aware that the renovations were nearly complete. In addition, 20 East did not proceed with the renovation in bad faith or without authority.
Contrary to the plaintiff's contention, the exception to the mootness doctrine does not apply. The exception to the mootness doctrine permits a court to pass on moot issues when there exists: "'(1) a likelihood of repetition, either between the parties or among other members of the public; (2) a phenomenon typically evading review; and (3) a showing of significant or important questions not previously passed on, i.e., substantial and novel issues'" (Berger v Prospect Park Residence, LLC, 166 AD3d 937, 939, quoting Matter of Hearst Corp. v Clyne, 50 NY2d at 714-715). The plaintiff's request for injunctive relief would not have been rendered academic, and would not have evaded review on the merits, but for the plaintiff's failure to promptly seek legal action (see Matter of Citineighbors Coalition of Historic Carnegie Hill v New York City Landmarks Preserv. Commn., 2 NY3d at 729; Matter of Santora v Town of Poughkeepsie Zoning Bd. of Appeals, 55 AD3d 741, 742). Indeed, requests for similar relief in comparable matters have been addressed on their merits when promptly asserted (see Matter of Santora v Town of Poughkeepsie Zoning Bd. of Appeals, 55 AD3d at 742; Vitiello v City of Yonkers, 255 AD2d 506, 507).
The Supreme Court properly denied that branch of the plaintiff's motion which was to convert the motion to a proceeding pursuant to RPAPL 881. "RPAPL 881 allows the owner of 'real property' to petition for a license to enter the 'premises' of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access" (Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d 833, 834; see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d 943, 943). RPAPL 881 does not apply here since the plaintiff was not seeking "entry" onto 20 East's property (see Matter of AREP Fifty-Seventh, LLC v PMGP Assoc., L.P., 101 AD3d 440, 441). Moreover, insofar as the plaintiff's motion seeks a license with terms, in effect, compelling 20 East to abate her property of contaminants, this request for relief overlooks the fact that RPAPL 881 expressly contemplates a license to access the licensor's property in order that the licensee can perform work on its own property, not the licensor's property.
In addition, "[c]ourts . . . should issue a license [pursuant to RPAPL 881] 'when necessary'" (Matter of Board of Mgrs. of Artisan Lofts Condominium v Moskowitz, 114 AD3d 491, [*3]492, quoting Chase Manhattan Bank [Natl. Assn.] v Broadway, Whitney Co., 57 Misc 2d 1091, 1095 [Sup Ct, Queens County], affd 24 NY2d 927), and "[t]he factors the court may consider in determining [a proceeding pursuant to RPAPL 881] include the nature and extent of the requested access, the duration of the access, the protections to the adjoining property that are needed, the lack of an alternative means to perform the work, the public interest in the completion of the project, and the measures in place to ensure the financial compensation of the adjoining owner for any damage or inconvenience resulting from the intrusion" (Matter of Voron v Board of Mgrs. of the Newswalk Condominium, 186 AD3d at 835; see Matter of Queens Coll. Special Projects Fund, Inc. v Newman, 154 AD3d at 944). Here, the completion of the work obviated 20 East's need, if any, to access the plaintiff's property and, as no license is necessary at this juncture, the Supreme Court properly denied that branch of the plaintiff's motion which was to convert the motion to a proceeding for a pursuant to RPAPL 881 for a license.
In light of this determination, we need not reach the parties' remaining contentions.
DILLON, J.P., HINDS-RADIX, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court