Matter of Cody v Verivakis (2025 NY Slip Op 01364)

Matter of Cody v Verivakis

2025 NY Slip Op 01364

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2023-03390
 (Index No. 716841/22)

[*1]In the Matter of Kim Cody, et al., respondents,
v
Steve Verivakis, et al., appellants.

Gil V. Perez, New York, NY, for appellants.
Ginsburg & Misk LLP, Queens Village, NY (Gerard N. Misk of counsel), for respondents.

DECISION & ORDER
In a proceeding pursuant to RPAPL 881 for a license to temporarily enter premises owned by Steve Verivakis, Cleo Katsihtis, and Dino Katsihtis for the purpose of erecting a fence on the petitioners' side of the common property line between the parties' respective premises, Steve Verivakis, Cleo Katsihtis, and Dino Katsihtis appeal from an order and judgment (one paper) of the Supreme Court, Queens County (Anna Culley, J.), entered March 22, 2023. The order and judgment, inter alia, granted the petition and permitted the petitioners to enter premises owned by Steve Verivakis, Cleo Katsihtis, and Dino Katsihtis for one day to erect a fence on the petitioners' side of the common property line between the parties' respective premises.
ORDERED that the appeal is dismissed, with costs.
This proceeding arises from a dispute between neighbors involving the petitioners' desire to erect a fence on their side of the common property line between their premises and the premises owned by Steve Verivakis, Cleo Katsihtis, and Dino Katsihtis (hereinafter collectively the appellants). In August 2022, the petitioners commenced this proceeding pursuant to RPAPL 881 for a license to temporarily enter the appellants' premises to erect the fence. In an order and judgment entered March 22, 2023, the Supreme Court, among other things, granted the petition and permitted the petitioners to enter the appellants' premises for one day to erect the fence on the petitioners' side of the common property line between the parties' respective premises. The parties agree that the fence has since been erected.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (C.F. v New York City Dept. of Health & Mental Hygiene, 191 AD3d 52, 61 [internal quotation marks omitted]). "Thus, pursuant to the mootness doctrine, courts are precluded 'from considering questions which, although once live, have become moot by passage of time or change in circumstances'" (Kennedy v Suffolk County, 211 AD3d 926, 928, quoting City of New York v Maul, 14 NY3d 499, 507). Since the fence has been erected and the license has therefore expired, the appellants' contention that the Supreme Court should have denied the petition pursuant to RPAPL 881 for a license to temporarily enter the appellants' premises to erect a fence on the petitioners' side of the common property line between [*2]the parties' respective premises has been rendered academic (see Matter of 269-273 14th St NY Corp. v Stein, 221 AD3d 807, 809). A determination from this Court that the petition should have been denied "would have no practical effect on the parties" (Quinn v 20 E. Clinton, LLC, 193 AD3d 893, 894).
The appellants' remaining contentions are not properly before this Court and, in any event, have been rendered academic by the erection of the fence.
DILLON, J.P., DOWLING, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court