Scutari v Drapala (2026 NY Slip Op 01547)

Scutari v Drapala

2026 NY Slip Op 01547

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LARA J. GENOVESI
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2021-01212
 (Index No. 71003/18)

[*1]Jonathan Scutari, et al., respondents, 
vDesiree Drapala, et al., appellants, et al., defendant.

Cohn & Spector (Fullerton Beck, LLP, White Plains, NY [Edward J. Guardaro, Jr.], of counsel), for appellants.
Kishner Miller Himes, P.C., New York, NY (Scott M. Himes and Jonathan Cohen of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for trespass and private nuisance and for declaratory and injunctive relief, the defendants Desiree Drapala, 777 Hudson Street Properties, LLC, John M. Drapala, and Tara B. Drapala appeal from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated January 4, 2021. The order, insofar as appealed from, (1) denied those defendants' motion, in effect, for summary judgment dismissing the second amended complaint insofar as asserted against them and pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against the defendants John M. Drapala and Tara B. Drapala, and (2) granted that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the second cause of action.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendants Desiree Drapala, 777 Hudson Street Properties, LLC, John M. Drapala, and Tara B. Drapala which were, in effect, for summary judgment dismissing the first and seventh causes of action asserted against them, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiffs own property located on Grand Street in the Village of Croton-on-Hudson. In April 2016, the defendant Desiree Drapala purchased a parcel of real property (hereinafter the Drapala Property) adjacent to the plaintiffs' property. A two-family residence that had previously been located on the Drapala Property had been destroyed in a fire in February 2014. In February 2017, Desiree Drapala conveyed the Drapala Property to the defendant 777 Hudson Street Properties, LLC (hereinafter 777 Hudson). The defendants John M. Drapala and Tara B. Drapala are the sole members of 777 Hudson.
In a resolution dated March 2, 2017 (hereinafter the Resolution), the Village's Planning Board, relying on, inter alia, a site plan that Desiree Drapala had submitted, which proposed to place a new modular house on the Drapala Property (hereinafter the modular home), approved the [*2]installation of the modular home subject to certain safety conditions. Construction on the Drapala Property commenced in or about July 2018, and the modular home was installed on October 23, 2018. A certificate of occupancy was issued in November 2019.
In December 2018, the plaintiffs commenced this action against Desiree Drapala and 777 Hudson, among other things, to recover damages for trespass and private nuisance and for declaratory and injunctive relief, alleging that the construction and installation of the modular home was performed in violation of the Resolution and provisions of the Code of Village of Croton-on-Hudson and caused damages to the plaintiffs' property. The plaintiffs served an amended complaint, adding the Village as a defendant. On or about November 15, 2019, 777 Hudson transferred the Drapala Property to John M. Drapala and Tara B. Drapala. Subsequently, the plaintiffs were granted leave to serve a second amended complaint, adding John M. Drapala and Tara B. Drapala as defendants.
Thereafter, Desiree Drapala, 777 Hudson, John M. Drapala, and Tara B. Drapala (hereinafter collectively the Drapala defendants) moved, in effect, for summary judgment dismissing the second amended complaint insofar as asserted against them and pursuant to CPLR 3211(a)(7) to dismiss that complaint insofar as asserted against John M. Drapala and Tara B. Drapala, contending, inter alia, that John M. Drapala and Tara B. Drapala were not necessary parties. The plaintiffs cross-moved, among other things, for summary judgment on the issue of liability on the second cause of action, alleging trespass against the Drapala defendants. In an order dated January 4, 2021, the Supreme Court, inter alia, denied the Drapala defendants' motion and granted that branch of the plaintiffs' cross-motion. The Drapala defendants appeal.
Initially, the Supreme Court properly denied that branch of the Drapala defendants' motion which was pursuant to CPLR 3211(a)(7) to dismiss the second amended complaint insofar as asserted against John M. Drapala and Tara B. Drapala. Contrary to the Drapala defendants' contention, as current owners of the modular home, John M. Drapala and Tara B. Drapala are necessary parties as they might be inequitably affected by a judgment in this action (see CPLR 1001[a]; Sacasa v David Trust, 197 AD3d 750, 752).
"Entering upon the land of another without permission, even if innocently or by mistake, constitutes trespass" (Rosen v Schonbrun, 172 AD3d 771, 772 [internal quotation marks omitted]; see Wlody v Birch Family Servs., Inc., 210 AD3d 1036, 1037). "[A] trespass claim represents an injury to the right of possession" (Shrage v Con Edison Co., 216 AD3d 1023, 1025 [internal quotation marks omitted]; see Rosen v Schonbrun, 172 AD3d at 773). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law on the issue of liability on the second cause of action, alleging trespass against the Drapala defendants, through the submission of their affidavits wherein they averred, among other things, that they did not give permission to the Drapala defendants or their contractors and subcontractors to enter onto the plaintiffs' property during the construction process. In opposition, the Drapala defendants failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' cross-motion which was for summary judgment on the issue of liability on the second cause of action. For the same reasons, the court properly denied that branch of the Drapala defendants' motion which was, in effect, for summary judgment dismissing the second cause of action.
However, the Supreme Court should have granted that branch of the Drapala defendants' motion which was, in effect, for summary judgment dismissing the first cause of action, alleging private nuisance against them. "The elements of a private nuisance cause of action are: (1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" (Harris v Miranda, 219 AD3d 1498, 1499 [internal quotation marks omitted]). "[N]ot every annoyance will constitute a nuisance. Nuisance imports a continuous invasion of rights—a pattern of continuity or recurrence of objectionable conduct" (Domen Holding Co. v. Aranovich, 1 NY3d 11, 124 [citation and internal quotation marks omitted]), and a "degree of permanence is an essential element" (Town of Hempstead v S. Zara & Sons Contr. Co., Inc., 173 AD2d 536, 537). Here, the Drapala defendants established their prima facie entitlement to judgment as a matter of law by [*3]demonstrating that the excavation and construction of the modular home did not rise to the level of a substantial and unreasonable interference with the plaintiffs' use of their own property (see Harris v Miranda, 219 AD3d at 1499; Lewis v Stiles, 158 AD2d 589, 590). In opposition, the plaintiffs failed to raise a triable issue of fact.
As a general rule, a party seeking review of an agency's determination must exhaust statutory or administrative remedies before requesting judicial intervention for declaratory relief (see Meyer v Nassau County Police Dept., 235 AD3d 641, 642; World Motors, Inc. v Dugan, 226 AD3d 1037, 1038). Here, however, contrary to the Drapala defendants' contention, the plaintiffs did not seek review of any administrative determination, as they were not objecting to the issuance of the Resolution and/or any permits. The gravamen of the plaintiffs' allegations was that the construction and location of the modular home violated certain limitations set forth in the Resolution. Accordingly, the Supreme Court properly concluded that the plaintiffs were not required to exhaust administrative remedies before commencing this action against the Drapala defendants (see generally Nemeth v K-Tooling, 100 AD3d 1271, 1273).
The Drapala defendants established, prima facie, that the modular home was not constructed in violation of the Resolution or Village of Croton-on-Hudson Zoning Code § 230-53(C) by submitting, among other things, a transcript of the deposition testimony of the Village Engineer, which demonstrated that the modular home sat within the footprint of the old structure that had formerly been located on the Drapala Property. However, in opposition, the plaintiffs raised a triable issue of fact as to whether the modular home had been constructed in violation of the Resolution by submitting, inter alia, an affidavit of a land surveyor. The land surveyor opined that the modular home was "materially larger, lengthwise, by approximately 2.5 feet to 3 feet than what the Site Plan [submitted by Desiree Drapala] proposed be built on the Drapala Property." It is undisputed that the Village's Planning Board relied on the site plan and, thus, the representations made therein, in issuing the Resolution. The land surveyor's opinion therefore refutes the Drapala defendants' contention that the modular home was built in conformity with the Village's specified requirements as set forth in the Resolution. "It is not the function of a court deciding a summary judgment motion to make credibility determinations" (Vega v Restani Const. Corp., 18 NY3d 499, 505; see CPLR 3212). Accordingly, the Supreme Court properly denied that branch of the Drapala defendants' motion which was, in effect, for summary judgment dismissing the fifth cause of action, for declaratory relief, insofar as asserted against them.
The Supreme Court properly denied that branch of the Drapala defendants' motion which was, in effect, for summary judgment dismissing the sixth cause of action, for a permanent injunction, insofar as asserted against them. In support of their motion, the Drapala defendants failed to affirmatively demonstrate their entitlement to judgment as a matter of law dismissing that cause of action insofar as asserted against them (see Anson v Incorporated Vil. of Freeport, 193 AD3d 799, 802). Since the Drapala defendants failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiffs to raise a triable issue of fact, and the court properly denied that branch of the Drapala defendants' motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, the Supreme Court should have granted that branch of the Drapala defendants' motion which was, in effect, for summary judgment dismissing the seventh cause of action, pursuant to RPAPL 881 to require a license, asserted against them. "RPAPL 881 allows the owner of 'real property' to petition for a license to enter the 'premises' of an adjoining owner when such entry is necessary for making improvements or repairs to the petitioner's property and the adjoining owner has refused such access" (Quinn v 20 E. Clinton, LLC, 193 AD3d 893, 895 [internal quotation marks omitted]). Here, the Drapala defendants established, prima facie, that the completion of the work obviated their need, if any, to access the plaintiffs' property and, as such, no license would be necessary at this juncture (see id. at 894), and the plaintiff did not oppose that branch of the Drapala defendants' motion. As such, the Supreme Court should have granted that branch of the motion.
The Drapala defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the third cause of action, alleging negligence against them. "A defendant moving for summary judgment dismissing a complaint cannot satisfy its initial burden merely by pointing to gaps in the plaintiff's case" (Bourne v Martin Dev. & Mgt., LLC, 219 AD3d 684, 685 [internal quotation marks omitted]). Since the Drapala defendants failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiffs to raise a triable issue of fact, and the Supreme Court properly denied that branch of the Drapala defendants' motion which was, in effect, for summary judgment dismissing the third cause of action (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The Drapala defendants' remaining contentions are without merit.
CONNOLLY, J.P., GENOVESI, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court