■ A. J. CERASARO, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 63498.) — Appeal from a judgment of the Court of Claims (Hanifin, J.), entered July 14, 1982, which dismissed the claim. In 1974, claimant entered into a contract with the State whereby claimant agreed, *inter alia,* to excavate an emergency spillway and build a dam as part of the Oquaga Creek State Park Dam and Lake Development Project in Broome County. Claimant subcontracted the work and, after the subcontractor excavated the emergency spillway and constructed the dam using the material excavated, a dispute arose over whether the contract required payment for constructing the dam and excavating the spillway or only for constructing the dam because the material excavated from the spillway was used to construct the dam. The State paid for the placing of material in the dam embankment but refused to pay for the excavation of material from the emergency spillway. Claimant eventually sought a hearing, as provided in the contract, on the amount of payment, but the State Office of General Services denied the request as untimely. Claimant thereafter filed a claim for damages alleging that the State breached the contract by, *inter alia,* refusing to pay for the excavation of the emergency spillway. After a trial, the Court of Claims dismissed the claim and claimant appeals, raising only the issue of whether it should be paid for excavating the emergency spillway. The contract provided that the dam embankment be constructed by using materials from the "borrow" area[*] designated on the plans, which clearly denominate the emergency spillway area as a "potential borrow source" and indicate that the "material excavated from this area is approved for use as Dam Embankment In Place". The contract further provided that there would "be no payment under Earthwork for material excavated from borrow pits for Dam Embankment In Place" and that "Earthwork shall *not* include excavation incidental to * * * placing material in the Dam Embankment" (emphasis in original). Thus, the Court of Claims concluded that the contract did not provide for payment for excavating the emergency spillway. Claimant contends, however, that the contractual language, as supported by testimony at trial, leads to the conclusion that the material excavated from the emergency spillway area is not "borrow" but "previously specified excavated materials", for which the contract does not preclude payment. This interpretation of the contract is unreasonable and cannot be sanctioned (see, e.g., 22 NY Jur 2d, Contracts, § 194, pp 33-34) because it permits two payments — one for constructing the dam embankment and one for excavating the emergency spillway — for what was essentially one job, i.e., moving the material from the emergency spillway area to the dam embankment. Because claimant's interpretation of the contract would lead to such an unreasonable result, it was within the province of the trial court not to credit

* A "borrow pit" is "an excavated area where material has been dug for use as fill at another location" (Webster's New Collegiate Dictionary, p 127).

the testimony of witness Daley that the material from the emergency spillway area was not intended to be considered borrow or excavation incidental to placing material in the dam embankment. Moreover, the parties were aware when they entered into the contract that the dam embankment was to be constructed from material from the emergency spillway area, which was designated as the borrow site on the plans. In light of our interpretation of the contract, we need not consider whether article 15 of the contract prevented claimant from pursuing the claim and the judgment of the Court of Claims should be affirmed. Judgment affirmed, without costs. Mahoney, P. J., Main, Mikoll, Weiss and Levine, JJ., concur.