■ ALBERT F. LEHMANN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 1.) ALBERT F. LEHMANN, Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 2.)—In (1) a claim to recover damages, *inter alia,* for breach of contract (claim No. 1), and (2) a claim to recover damages arising from the seizure of the claimant's property following the alleged breach (claim No. 2), the claimant appeals, as limited by his brief, from so much of a judgment of the Court of Claims (McCabe, J.), dated July 24, 1984 as dismissed his first cause of action in claim No. 1 to recover damages for breach of contract, and from a judgment of the same court, also dated July 24, 1984, which dismissed claim No. 2.

Judgment in claim No. 1 affirmed insofar as appealed from and judgment in claim No. 2 affirmed, with one bill of costs.

The court's finding that the State was not in breach of contract by terminating the same was not against the weight of the evidence *(see, Cohen v Hallmark Cards,* 45 NY2d 493, 498). The record indicates that the State was inclined to extend the date for the completion of the contract at the time its deadline arrived on August 1, 1977, upon an oral request to do so by the claimant. The offer of extension was contingent upon expeditious and diligent performance of work pursuant to a revised progress schedule to be submitted by the claimant, for remaining contract work. The claimant's own prior actions were instrumental in his need for additional time to complete the job. In response, the claimant declined the offer and stopped working. He then failed to resume performance and instead began removing his equipment.

The claimant's failure to resume performance and his removal of equipment at a time when there remained various items of the contract left to be performed support the court's finding that the State was not in breach of contract and that the claimant was *(cf. Tibbetts Contr. Corp. v O & E Contr. Co.,* 15 NY2d 324, 338).

As to the claimant's second claim, that his personal office trailer was not on the construction site and was therefore not properly seized by the State pursuant to a contract term permitting such seizure following termination of the contract for cause, the record indicates that the office trailer was parked at a location specifically requested by the complainant in an area adjacent to the construction. Moreover, a second trailer provided by the complainant as a contract item which served as the field office for the State's on-site engineer was parked even further from the road under construction than was the claimant's personal office trailer. Under these circumstances, and where there were no contract limit lines in the plans, the court's finding that the office trailer was on the construction site was fair and reasonable *(see, Farrell Lines v City of New York,* 30 NY2d 76, 83; *A. J. Cerasaro, Inc. v State of New York,* 97 AD2d 598).

We have considered the claimant's remaining contentions and find that they are either unpreserved for review or without merit. Lazer, J. P., Mangano, Lawrence and Kooper, JJ., concur.