■ ANDREWS 44 COFFEE SHOPS INC., Appellant, v TST/TMW 405 LEXINGTON, L.P., Respondents. [837 NYS2d 634]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered January 22, 2007, which granted defendant TST/TMW summary judgment on its counterclaim for attorneys' fees, unanimously reversed, on the law, with costs, the motion

denied and the counterclaim dismissed. The Clerk is directed to enter judgment accordingly.

This case involves the interpretation of several provisions in the parties' lease agreement relating to an award of attorneys' fees. Plaintiff brought an action for declaratory judgment and injunctive relief, seeking determination of its rights as tenant under the lease following defendants' proposal to install new security measures in the Chrysler Building. Pursuant to a prior order in April 2006, defendants were granted summary judgment and the complaint was dismissed.

Bearing in mind that agreements providing for payment of attorneys' fees should be construed strictly (*see Gottlieb v Such*, 293 AD2d 267, 268 [2002], *lv denied* 98 NY2d 606 [2002]; *see also Hooper Assoc. v AGS Computers*, 74 NY2d 487, 492 [1989]), and noting our aim for "a practical interpretation of the expressions of the parties to the end that there be a 'realization of [their] reasonable expectations' " (*Brown Bros. Elec. Contrs. v Beam Constr. Corp.*, 41 NY2d 397, 400 [1977]; *see* 1 Corbin, Contracts § 1.1 [rev ed 1993]), we find that the relevant lease provisions do not warrant recovery of attorneys' fees for successful defense in the declaratory judgment action. Concur—Saxe, J.P., Sullivan, Gonzalez, Catterson and Kavanagh, JJ.