■ FIREMEN'S ASSOCIATION OF THE STATE OF NEW YORK, Appellant, v 99 WASHINGTON, LLC, et al., Respondents, et al., Defendant. [901 NYS2d 739]—

Spain, J. Appeal from an order of the Supreme Court (O'Connor, J.), entered March 5, 2009 in Albany County, which, among other things, granted certain defendants' motion to strike the nonjury note of issue.

Plaintiff and defendant 99 Washington, LLC are the owners of adjoining properties on Washington Avenue in the City of Albany. In April 2006, plaintiff and defendants entered into a license agreement granting defendants exclusive use and occupancy of plaintiff's parking area and the air space above and generally contiguous to the western wall of the building owned by 99 Washington for the purpose of replacing and repairing the exterior facade of the west side of that structure. Pursuant to that agreement, facade work was to be completed by November 1, 2006 and the parking area was to be vacated no later than April 10, 2007, subject to an additional 30-day extension. The agreement also provided for the payment of reasonable counsel fees to plaintiff in the event that defendants failed to comply with the time requirements and plaintiff instituted legal action as a result. Thereafter, due to construction delays, the air space deadline was extended to December 15, 2006; the parking area date remained unchanged.

When defendants failed to meet the December 2006 project deadline, plaintiff promptly commenced this action for ejectment and moved by order to show cause for a permanent order of ejectment. By order entered May 11, 2007, Supreme Court denied plaintiff's application. At that point, defendants apparently had completed the air space work and, at some point thereafter, they vacated the parking lot within the time contemplated by the license agreement. Plaintiff then moved for a temporary restraining order, a preliminary injunction, counsel fees and, again, a permanent order of ejectment. By order entered August 26, 2008, Supreme Court denied the requested relief in its entirety.

Plaintiff thereafter filed a nonjury note of issue seeking to litigate its entitlement to counsel fees under the license agreement. All but one of the named defendants* moved to vacate the note of issue on the basis that the August 2008 order

---

* Defendant Focus One Construction Corporation apparently did not appear in this action and, hence, this entity is not included in all subsequent references to defendants.

resolved all issues between the parties. Plaintiff opposed that application and indicated that it wished to litigate its entitlement to a permanent order of ejectment, as well as counsel fees. Supreme Court granted the motion and struck the note of issue. On plaintiff's appeal, we now affirm.

First, plaintiff asserts that its request for a permanent order of ejectment is not moot, despite the fact that the facade renovation work has long been completed and the parking area vacated, because defendants have asserted their intention of utilizing plaintiff's air space in the future when necessary for routine maintenance or repairs to the building. We find that defendants' statements to that effect merely express their intent to seek permissive use or, alternatively, their statutory and common-law right to seek a license for reasonable access if it is refused (see RPAPL 881; *Chase Manhattan Bank [Natl. Assn.] v Broadway, Whitney Co.*, 57 Misc 2d 1091, 1096 [1968], *affd* 24 NY2d 927 [1969]). To the extent that plaintiff contends that defendants plan to utilize plaintiff's property without permission or authorization and, thus, prospectively seek to bar defendants from such actions, the application is not ripe for review as no such conduct has occurred.

Turning to the issue of counsel feels, we find no error in Supreme Court's holding that its August 2008 order denying counsel fees became the law of the case and, thus, precluded plaintiff from relitigating that issue before that court (see *People v Evans*, 94 NY2d 499, 502-504 [2000]). However, contrary to defendants' contention, that doctrine does not preclude us from considering the issue on appeal (see *id.* at 503 n 3). Indeed, plaintiff's appeal from Supreme Court's order striking the note of issue brings up for review those issues decided in the August 2008 order, including counsel fees (see CPLR 5501 [a] [1]; *Catalanotto v Commercial Mut. Ins. Co.*, 285 AD2d 788, 790 [2001], *lv denied* 97 NY2d 604 [2001]).

Here, the license agreement, as amended, specifically grants plaintiff the right to recover a reasonable amount of counsel fees when plaintiff has commenced litigation based upon defendants' failure "to vacate the premises at the end of the term, either of the West Elevation use or the Parking Area use and occupancy." The agreement is silent as to whether such right is contingent upon the merits of plaintiff's action, and Supreme Court construed it to permit the recovery of counsel fees only where plaintiff prevails. As we will avoid construing an agreement in a manner that would produce "unreasonable or unfair results" (*Barrow v Lawrence United Corp.*, 146 AD2d 15, 20 [1989]), and we find that an alternate construction would create

such an injustice in this case, we agree with Supreme Court that the requirement that plaintiff prevail in the litigation may be reasonably inferred (see generally Corrigan v Breen, 241 AD2d 861, 863 [1997]; A. J. Cerasaro, Inc. v State of New York, 97 AD2d 598, 598-599 [1983]).

The relevant facts are undisputed. After defendants failed to meet the December 15, 2006 date for completing the project's air space work and prior to the expiration of defendants' time to vacate the parking area, plaintiff commenced the instant action for ejectment. The action was commenced less than two weeks after defendants' time to complete the air space work expired, and more than three months before defendants' time to vacate the parking lot expired despite the fact that the elevation work was almost complete at that point. Further, it appears undisputed that defendants made every effort to complete the project in a timely manner, including expending hundreds of thousands of dollars in overtime. Indeed, the relatively minor delay in completing the air space phase of the project apparently stemmed from weather conditions and safety concerns; plaintiff has not alleged that it was the result of any negligence of defendants. By the time the first court order was issued in this action, defendants had completed the air space work and were back on schedule within the time frame of the license agreement to vacate the parking area, rendering plaintiff's requested relief moot. As we view plaintiff's decision to commence this action to have been unnecessary under the circumstances and, therefore, unreasonable, we will not interfere with Supreme Court's decision to deny counsel fees.

Cardona, P.J., Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, with costs.