■ In the Matter of BOARD OF MANAGERS OF ARTISAN LOFTS CONDOMINIUM, Respondent, v HERBERT MOSKOWITZ et al., Appellants. [979 NYS2d 811]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered June 6, 2013, which granted petitioner a license to enter respondents' adjoining property in order to take steps to protect respondents' property during renovations to the facade and roof of petitioner's building, unanimously reversed, on the law, with costs, the order vacated, the petition denied, and the proceeding dismissed.

In determining whether or not to grant a license pursuant to Real Property Actions and Proceedings Law § 881, courts generally apply a standard of reasonableness (*see e.g. Mindel v Phoenix Owners Corp.*, 210 AD2d 167 [1st Dept 1994], *lv denied* 85 NY2d 811 [1995]). Courts are required to balance the interests of the parties and should issue a license "when necessary, under reasonable conditions, and where the inconvenience to the adjacent property owner is relatively slight compared to the hardship of his neighbor if the license is refused" (*Chase Manhattan Bank [Natl. Assn.] v Broadway, Whitney Co.*, 57 Misc 2d 1091, 1095 [Sup Ct, Queens County 1968], *affd* 24 NY2d 927 [1969]).

Here, it is clear that petitioner has failed to make a showing as to the reasonableness and necessity of the scaffolding device referenced in the order, a "swing scaffold," which would need to be attached to respondents' building. While the parties agree that a limited license for petitioner to protect respondents' property is reasonable, they sharply disagree over the extent of access for any other purpose. Until that dispute is resolved, the order was premature. Concur—Gonzalez, P.J., Sweeny, Richter, Manzanet-Daniels and Clark, JJ.