Matter of Kasowitz, Benson, Torres & Friedman, LLP v JPMorgan Chase Bank, N.A. (2022 NY Slip Op 05792)

Matter of Kasowitz, Benson, Torres & Friedman, LLP v JPMorgan Chase Bank, N.A.

2022 NY Slip Op 05792

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Singh, Scarpulla, JJ. 

Index No. 157631/15 Appeal No. 16482-16483 Case No. 2021-03399, 2021-03400, 2022-00030 

[*1]In the Matter of Kasowitz, Benson, Torres & Friedman, LLP, Petitioner,
v
JPMorgan Chase Bank, N.A., Respondent-Appellant, The Dakota, Inc., Respondent-Respondent, Alphonse Fletcher, Jr., Respondent, Fletcher International, Ltd., et al., Intervenors-Respondents.

Thompson Coburn Hahn & Hessen LLP, New York (Zachary G. Newman of counsel), and Parker Ibrahim & Berg LLP, New York (James P. Berg of counsel), for appellant.
Smith, Gambrell & Russell, LLP, New York (John Van Der Tuin of counsel), for The Dakota Inc., respondent.

Judgment, Supreme Court, New York County (Lewis J. Lubell, J.), entered November 8, 2021, declaring that the lien of The Dakota, Inc. is prior to that of JPMorgan Chase Bank, N.A., unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about August 4, 2021, which granted the Dakota's summary judgment motion and denied Chase's summary judgment motion, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The portion of the Dakota's lien that is based on a 2017 judgment is a "cooperative organization security interest" under Uniform Commercial Code (UCC) § 9-322(h)(1). It is undisputed that Alphonse Fletcher, Jr.'s Dakota shares constituted a cooperative interest (see also UCC 9-102[27-b]), that the Dakota is a cooperative organization (see also UCC 9-102[27-c]), and that the Dakota's security interest was created by the cooperative record (see also UCC 9-102[27-e]).
Chase contends that the Dakota's judgment (for legal fees it incurred defending against a prior action brought by Fletcher) is not an obligation incident to ownership of Fletcher's cooperative interest. However, article II, paragraph fifteenth of the proprietary lease says, "if the Lessor [i.e., the Dakota] shall defend any action or proceeding . . . commenced by the Lessee [e.g., Fletcher], the Lessee will reimburse the Lessor for all expenses (including . . . attorneys' fees and disbursements) thereby incurred by the Lessor, . . . and the Lessor shall have the right to collect the same as additional rent." In addition, article VI, section 6 of the Dakota's by-laws, which is reproduced on the back of Fletcher's stock certificate, says, "The corporation [i.e., the Dakota] shall at all times have a lien upon the shares of stock owned by each stockholder to secure the payment by such stockholder of all rent . . . and for all other indebtedness from such stockholder to the corporation." Thus, unless paragraph 15th does not mean what it says, the judgment is incident to Fletcher's ownership of his Dakota shares.
Chase contends that paragraph 15th applies only if a lessee is in default. However, this is an impermissible collateral attack on the Dakota's judgment. Unlike Chase's argument about whether the judgment is incident to the ownership of a cooperative interest, which goes to priority, its contention that paragraph 15th applies only to defaulting lessees would destroy the judgment altogether because the Dakota does not claim Fletcher was in default. This argument should have been made by Fletcher after the Dakota's counterclaims against him were severed.
"It is elementary that a final judgment . . . represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal" (Da Silva v Musso, 76 NY2d 436, 440 [1990]). If Chase wants to vacate the Dakota's judgment, it must move before "[t]he court which rendered [the] judgment" (CPLR 5015[a]; see James v Shave, 62 [*2]NY2d 712, 714 [1984] ["a motion to vacate the prior judgment, if available at all, would be made pursuant to CPLR 5015"]).
Chase contends that if paragraph 15th is not limited to lessees who are in default, it is unconscionable and unenforceable under Matter of Krodel v Amalgamated Dwellings Inc. (166 AD3d 412 [1st Dept 2018], lv denied 33 NY3d 910 [2019]). The Dakota contends that Chase waived this argument by failing to include it as an affirmative defense. Although Chase did not waive this argument (see Edwards v New York City Tr. Auth., 37 AD3d 157, 158 [1st Dept 2007]), it is an impermissible collateral attack on the Dakota's judgment. Again, unlike Chase's argument about priority, its contention that paragraph 15th is unenforceable would destroy the judgment altogether. As Fletcher's assignee, Chase could have sought to intervene in his action against the Dakota to argue that paragraph 15th was invalid (see Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86, 90 [1st Dept 2003]).
Finally, Chase contends that the portion of the Dakota's lien that is not based on its judgment was not supported by admissible evidence. However, the Dakota submitted affidavits from its managing agent, detailing the amounts due for unpaid maintenance, electrical usage, etc. This suffices (see Roshodesh v Plotch, 35 Misc 3d 1241[A], 2012 NY Slip Op 51104[U], *2-3 [Sup Ct, Queens County 2012] [co-op met its burden on summary judgment by submitting affidavit from employee of managing agent]; Whitney Condominium v Tempesta, 2008 WL 8115125 [Sup Ct, NY County 2008]). Although it might have been better had the Dakota submitted business records with its initial motion papers, CPLR 3212(b) does not absolutely require a movant to submit business records.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022